IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TERRY SIMERSON,                )
                               )
        Plaintiff,              )
                               )
    v.                          )        1:22CV419
                               )
JONATHAN TODD, et al.,          )
                               )
        Defendant(s).           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee in the Davidson County Jail, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the Davidson County Sheriff, several sheriff's deputies, and an unknown magistrate as Defendants in the case and seeks damages based on several incidents that allegedly violated his rights.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity);

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted and because it seeks monetary damages from a defendant with immunity from such relief.

The first alleged violation of Plaintiff's rights listed in the Complaint is property damage that occurred during the execution of a search warrant by Defendant Jonathan Todd and other officers from the Davidson County Sheriff's Office. The Complaint claims that they destroyed a safe and an industrial door during the search. "'[T]he Fourth Amendment [of the United States Constitution] generally leaves it "to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant.'" Cybernet, LLC v. David, 954 F.3d 162, 168 (4th Cir. 2020) (quoting Dalia v. United States, 441 U.S. 238, 257 (1979)). This includes a certain amount of damage that occurs when performing searches. Id. Nevertheless, "excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment" so that liability arises under § 1983. Id. at 168-69 (quoting United States v. Ramirez, 523 U.S. 65, 71 (1998)). "[A]n officer's conduct does not violate the Fourth Amendment if the destruction of property is, as an objective matter, reasonably necessary to execute a lawful search warrant." Id. at 169 (citing Johnson v. Manitowoc Cty., 635 F.3d

-3-

331, 335 (7th Cir. 2011)).  Officers do not have to use the least destructive methods possible to execute a warrant so long as their actions are objectively reasonable and any damage must be excessive, rather than accidental or incidental, in order to support a claim.  Id. at 169-170.

The Complaint in this action does not include sufficient facts to state a claim under the standards just set out.  It sets out no allegations concerning the purposes or circumstances of the search to demonstrate that the alleged property damage was objectively unreasonable and excessive under the Fourth Amendment.  Instead, it alleges only that the damage occurred and it was unnecessary.  This is exactly the type of unadorned, the-defendant-unlawfully-harmed-me accusation or legal conclusion that fails to state a claim for relief under Iqbal.  Plaintiff's destruction of property claim should be dismissed accordingly.

The next claim is that Defendants Curry, Simmons, and Jones, as well as other unidentified employees of the Davidson County Sheriff's Office, disregarded two orders from a state court judge which allowed Plaintiff to enter a particular location under escort by deputies in order to retrieve tools of his trade.  This allegation does not state any claim for relief because Plaintiff has no federal constitutional right to the enforcement of state court orders in this Court.  If Plaintiff has recourse, he must seek it in the state courts.  See Biser v. Town of Bel Air, 991 F.2d 100, 105 n.2 (4th Cir. 1993) (noting that state court judgments do not create cognizable property rights under § 1983 and that such judgments are to be enforced through the state's judicial process).

-4-

Case 1:22-cv-00419-TDS-LPA    Document 4    Filed 08/23/22    Page 4 of 6

The third incident alleged in the Complaint involves an unidentified state court magistrate. The Complaint alleges that the magistrate mishandled matters concerning appointment of counsel in Plaintiff's state court criminal case. This claim fails because judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Therefore, Plaintiff cannot seek damages based on the magistrate's handling of his criminal case and the claim against the magistrate should be dismissed.

Finally, the Complaint alleges that Plaintiff is accused of shooting at Defendant Ross, who is also a sheriff's deputy, but that Defendant Ross has come into Plaintiff's housing area many times. The Complaint contains no allegations that Defendant Ross ever harmed, attempted to harm, or threatened to harm Plaintiff at any point. Therefore, it is unclear how his mere presence on a housing block at certain times could violate Plaintiff's federal constitutional rights. The Complaint sets out no viable claim for relief against Defendant Ross and the claim against him should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation. Section § 1915(b)(1) requires that Plaintiff make an initial partial payment if funds for such a payment exist, but Plaintiff's *in forma pauperis* application indicates that they do not. Therefore, the Court will not order an initial payment, but will instead order that Plaintiff's custodian withhold funds from Plaintiff's prisoner trust account if they become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October of 2022, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief. The dismissal as to the destruction of property claim should be without prejudice to Plaintiff filing a proper Complaint, together with the filing fee or an *in forma pauperis* application, stating a claim for relief and the dismissal of the claim involving the state court order should be without prejudice to Plaintiff seeking recourse in the state courts.

This, the 23rd day of August, 2022.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**